See also, 831 P.2d 249.

**Curtis Lynn FAUBER, Petitioner—Appellant,**

v.

**Jill BROWN, Warden, Warden; Arthur Calderon, Warden, Respondents—Appellees.**

No. 05–55987.

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 2006.*

Decided April 7, 2006.

John Littrell, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Carol Pollack, Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Curtis Fauber, a California inmate sentenced to death, appeals the district court's discovery order which found that Fauber waived the work product doctrine with respect to ten documents that it found otherwise discoverable despite the inclusion of those documents in a privilege log based on other grounds. We dismiss the appeal for lack of appellate jurisdiction.

Appellate courts may generally only hear appeals from "final decisions of the district courts." 28 U.S.C. § 1291. However, there is "a small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 28 U.S.C. § 1291; *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). An order is immediately "appealable as a 'collateral order' when it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Sell v. United States*, 539 U.S. 166, 176, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)) (internal quotation marks and indication of alterations omitted).

"In view of the strong policy against piecemeal appeals, interlocutory review of discovery orders is highly disfavored. Discovery orders are not final appealable orders under 28 U.S.C. § 1291, and courts have refused interlocutory review of such orders under the collateral order doc-

trine." *Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1490 (9th Cir. 1989) (internal citations omitted).

We have permitted an interlocutory appeal under exceptional circumstances not present here. *See Agster v. Maricopa County*, 422 F.3d 836, 838 (9th Cir.2005) (permitting an appeal of a discovery order against a third party when "review after final judgment would come too late" of a privilege asserted in a case of first impression); *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir.2003) (en banc) (permitting review of a protective order). We noted in those circumstances that " '[o]nce the cat is already out of the bag, it may not be possible to get it back in.'" *Agster*, 422 F.3d at 838.

The exceptional circumstances present in those cases do not exist here. This case involves a question of privilege waiver, not the assertion of a unique privilege effectively unreviewable after final judgment. It is, in short, an ordinary discovery dispute in which the material has already been disclosed. Fauber has not satisfied the prerequisites for establishing appellate jurisdiction over the interlocutory discovery order.

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.